CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/6/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JUDY M. PAUL,<br><br>         *Plaintiff*,<br>v.<br><br>WESTERN EXPRESS INC., *et al.*,<br><br>         *Defendants*. | CASE NO. 6:20-cv-00051<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANDRE G.H. LE DOUX, V,<br><br>         *Plaintiff*,<br>v.<br><br>WESTERN EXPRESS, INC., *et al.*,<br><br>         *Defendants*. | CASE NO. 6:20-cv-00052<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

   Plaintiffs Judy M. Paul and Andre G.H. Le Doux, V, filed nearly identical complaints against Defendants Western Express, Inc., Ervin Joseph Worthy, and Roger Dale Hiatt to recover damages for personal injuries resulting from an accident involving multiple cars. *Paul v. Western Express, Inc.*, No. 6:20-cv-51, Dkt. 1; *Le Doux v. Western Express, Inc.*, No. 6:20-cv-52, Dkt. 1. Paul and Le Doux bring the following Virginia law claims: against Worthy, negligence claims for compensatory damages and willful and wanton negligence claims for punitive damages; against Western Express, vicarious liability claims and direct negligence claims, both for compensatory damages; and against Hiatt, negligence claims for compensatory damages. *Paul & Le Doux*, Dkts. 1.

Western Express filed motions to dismiss Paul and Le Doux's direct negligence claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). *Paul*, Dkt. 14; *Le Doux*, Dkt. 10. Worthy filed motions to dismiss Paul and Le Doux's willful and wanton negligence claims for punitive damages against him pursuant to Federal Rule of Civil Procedure 12(b)(6). *Paul*, Dkt. 16; *Le Doux*, Dkt. 12. Defendants' briefs in support of their motions in the two cases are identical, and Defendants argued the motions in both cases simultaneously at the hearing. Both cases have since been consolidated. *See Paul*, Dkt. 52; *Le Doux*, Dkt. 32. Accordingly, the Court addresses all four motions in this Memorandum Opinion.

The Court will grant Western Express's motions to dismiss the direct negligence claims against it without prejudice but will deny Worthy's motions to dismiss the willful and wanton negligence claims for punitive damages against him.

## I.   ALLEGED FACTUAL BACKGROUND

For the purposes of ruling on the motions to dismiss, the Court accepts as true the following allegations set forth in the complaints.

On August 11, 2018, at approximately 5:07 PM, Paul was driving southbound in the left lane of I-81 near mile marker 184.8 in Rockbridge County, Virginia. *Paul & Le Doux*, Dkts. 1 ¶ 11. It was misty and raining. *Id.* Because the cars in front of her were slowing down or stopped because of the hazardous driving conditions, Paul also slowed down or stopped. *Id.* Le Doux, who was driving in the same lane behind Paul, slowed down or stopped, too. *Id.* Hiatt, who was driving in the same lane behind both Paul and Le Doux, "negligently, carelessly and recklessly fail[ed] to sufficiently slow or stop" and struck the back of Le Doux's car, which then struck Paul's car. *Id.* ¶¶ 12–14. Hiatt then spun off the road. *Id.* ¶ 13.

Worthy, a Western Express truck driver, was driving a tractor-trailer in the right lane of I-81. *Id.* ¶¶ 15, 19. The rain and mist had made the road slippery and wet and had reduced visibility. *Id.* These "hazardous conditions" required "extreme caution" under Federal Motor Carrier Safety Regulation ("FMCSR") § 392.14. *Id.* Even though he had a duty to exercise reasonable care under the circumstances according to the FMCSRs, *id.* ¶ 16, Worthy "negligently, carelessly, recklessly, willfully, and/or wantonly" crashed into both Paul and Le Doux. *Id.* ¶ 17. Specifically, Worthy "fail[ed] to maintain proper control" of the tractor-trailer, "fail[ed] to keep a proper lookout," "dr[ove] too fast for existing conditions," "us[ed] cruise control . . . in hazardous conditions," and "follow[ed] traffic ahead too closely." *Id.* ¶ 18.

As a result of the crash, Paul suffered "traumatic brain damage" from internal bleeding and a "concussion with loss of consciousness," "injury to her spine . . . requiring multiple surgeries," "internal degloving" in her thigh, and other traumatic injuries. *Paul*, Dkt. 1 ¶ 17. Le Doux suffered a "brain injury with internal brain bleeding and swelling of the brain." *Le Doux*, Dkt. 1 ¶ 17.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations omitted). And the court cannot "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics"; instead, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

#### A. Direct Negligence Claims Against Western Express

Western Express moves to dismiss the direct negligence claims against it.

Paul and Le Doux both allege that Western Express, as a registered motor carrier, was required to comply with "applicable safety regulations contained in 49 C.F.R. Part 390, including safety regulations pertaining to management, maintenance, operation, or driving of commercial vehicles, and the hiring, supervision, training, assigning, or dispatching of drivers." *Paul & Le Doux*, Dkts. 1 ¶ 7. They also allege that Western Express violated FMCSR § 390.11 by breaching its duty "to require [Worthy's] observance of the knowledge and skills necessary to operate a commercial motor vehicle safely" before "dispatch[ing]" him. *Id.* ¶ 20. *Id.* ¶ 20. Both Paul and Le Doux state that "[t]his allegation is a factual contention which will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.*

Under Virginia law, a plaintiff may establish a negligence claim by showing (1) a legal duty, (2) a breach or violation of that duty, and (3) proximate causation resulting in injury. *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003). "The finding of a legal duty is a prerequisite to a finding of negligence." *Quisenberry v. Huntington Ingalls Inc.*, 818 S.E.2d 805, 809 (Va. 2018) (internal quotation marks and citation omitted). "Without a legal duty there can be no cause of action for an injury." *Id.* (internal quotation marks and citation omitted). "General negligence principles require a person to exercise due care to avoid injuring others" who are "within reach of [that person's] conduct." *Id.* at 809–10 (quoting *RGR, LLC v. Settle*, 764 S.E.2d 8, 16–17 (Va. 2014)) (internal quotation marks omitted). "[A] statute may define the standard of care to be exercised where there is an underlying common-law duty." *Williamson v. Old Brogue, Inc.*, 350 S.E.2d 621, 624 (Va. 1986). But "the violation of a statute does not, by that very fact alone, constitute actionable negligence . . . ." *Id.*

The FMCSRs "provide rules for the commercial trucking industry that are intended to promote highway safety." *Soo Line RR Co. v. Werner Enters.*, 825 F.3d 413, 419 (8th Cir. 2016). *See also Commercial Standard Ins. Co. v. Robertson*, 159 F.2d 405, 410 (6th Cir. 1947) (finding that one of the purposes of the statute authorizing the promulgation of the FMCSR was "the protection of the public on highways of interstate commerce from the hazards of operation by inexperienced, incompetent and unfit persons, by those engaged in excess of maximum hours, or operating with bad conditioned and dangerous equipment"). In relevant part, FMCSR § 390.11 states:

> Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition.

49 C.F.R. § 390.11.

Paul and Le Doux have not alleged sufficient facts to state a plausible claim of direct negligence against Western Express for violating FMCSR § 390.11. Of course, Western Express has a general duty to "exercise due care to avoid injuring" members of the public sharing the roadways with its trucks. *Quisenberry*, 818 S.E.2d at 809–10. FMCSR § 390.11 defines that standard of care by making it the "duty of the motor carrier to require" its drivers to observe the duties or prohibitions that the FMCSRs impose on them. But Paul and Le Doux do not allege any facts supporting a reasonable inference that Western Express breached its duty under FMCSR § 390.11 to require Worthy to observe his duties under the FMCSRs. If anything, Paul and Le Doux allege that Worthy *did* receive "specialized safety training" regarding the FMCSRs, but "[n]otwithstanding" and "despite" this training, he "consciously chose" to drive in ways that did not conform to the FMCSRs by failing to reduce his speed, continuing to use cruise control, and failing to exercise "extreme caution" under "hazardous conditions." *Paul & Le Doux*, Dkts. 1 ¶ 23. The complaints' allegations, therefore, are insufficient to state a plausible direct negligence claim against Western Express.[1]

Accordingly, the Court will grant Western Express's motions to dismiss the direct negligence claims against it without prejudice.

**B. Willful and Wanton Negligence Claims/Punitive Damages Requests Against Worthy**

Next, Worthy moves to dismiss Paul and Le Doux's requests for punitive damages.

To begin, "punitive damages is not a cause of action subject to dismissal under Rule 12(b)(6)." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, 21 F. Supp. 3d 620, 631 (W.D. Va. 2014) (internal quotation marks and citation omitted).

---

[1] If, however, discovery provides a factual basis to support direct negligence claims against Western Express, Paul and Le Doux may move to amend their complaints.

Assuming that addressing punitive damages at the motion to dismiss stage is proper, "[a] claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Woods v. Mendez*, 574 S.E.2d 263, 268 (Va. 2003). "Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Curtis v. Highfill*, 840 S.E.2d 321, 324 (Va. 2020) (internal quotation marks and citation omitted).

The intentional violation of a traffic law, without more, is not willful and wanton negligence. *See Harris v. Harman*, 486 S.E.2d 99, 102 (Va. 1997) (striking willful and wanton conduct claim against defendant who tailgated plaintiff's vehicle while speeding 10 to 30 mph over the 30-mph speed limit); *Clohessy v. Weiler*, 462 S.E.2d 94, 97 (Va. 1995) (striking willful and wanton conduct claim against defendant who drove at night without headlights and with a fogged windshield while speeding 10 mph over the speed limit and hit a pedestrian walking in the street).

But where a professional truck driver has "received specialized safety training warning against the very omissions he made prior to the accident," the Supreme Court of Virginia has held that the issues of willful and wanton negligence and corresponding punitive damages are for the jury. *Alfonso v. Robinson*, 514 S.E.2d 615, 619 (Va. 1999). In *Alfonso*, the defendant truck driver had been "instructed" to deploy safety flares and reflective triangles after his truck broke down to "warn motorists that they were approaching a stopped vehicle." *Id.* Instead, "consciously" disregarding his "training and knowledge," he left the truck "in a travel lane of an interstate highway without placing any warning devices behind it." *Id.* "Such evidence that a defendant had

prior knowledge or notice that his actions or omissions would likely cause injury to others is a significant factor in considering issues of willful and wanton negligence." *Id.* Courts in this district have relied on *Alfonso* in denying motions to dismiss willful and wanton negligence claims for punitive damages against professional truck drivers. *See Madison v. Acuna*, No. 6:12-cv-28, 2012 WL 6196450, at *4 (W.D. Va. Dec. 12, 2012) (denying motion to dismiss where plaintiff alleged that truck driver "received a specific warning about the dangers of driving" in violation of "the fourteen-hour rule, [which] put him on notice that injury could result from conduct likely to cause sleep deprivation"); *Stanley v. Star Transp., Inc.*, No. 1:10-cv-10, 2010 WL 3433774, at *1 (W.D. Va. Sept. 1, 2010) (finding allegations that truck driver "acted wantonly by driving in a sleep-deprived condition at night over a snow- and ice-covered road at an excessive rate of speed, without a functioning collision avoidance system" sufficient to survive motion to dismiss); *Baker v. Oliver*, No. 3:06-cv-15, 2006 WL 1700067, at *1 (W.D. Va. June 15, 2006) (denying motion to dismiss where plaintiff alleged that truck driver, whose truck had no reflective markings, pulled out of a driveway onto a road without using turn signals or emergency flashers).

Here, Paul and Le Doux allege that Worthy was a professional truck driver who "received specialized training" in applicable safety procedures "contained in" the FMCSRs. *Paul & Le Doux*, Dkts. 1 ¶ 23(a). But "[n]otwithstanding the specialized safety training [he] received," Worthy "consciously chose to operate the heavy tractor-trailer in hazardous conditions without reducing his speed appropriately . . . and without exercising the required extreme caution" and "consciously chose to abrogate his speed control of the heavy tractor-trailer rig to the cruise control in hazardous conditions," in violation of § 392.14. *Id.* ¶ 23(b)–(e). In addition, "despite the specialized training in the knowledge and skills required by the [FMCSRs]," Worthy "consciously . . . [d]id not conduct proper use of the motor vehicle's safety system in his use of the cruise control . . . ; [d]id not adjust

8

his speed to the configuration and condition of the roadway . . . ; [d]id not maintain a safe following distance . . . ; [and d]id not adjust operation of the motor vehicle to prevailing weather conditions," in violation of §§ 383.111 and 383.113. *Id.* ¶ 23(f)–(h).

Drawing all reasonable inferences in favor of Paul and Le Doux, because Worthy was instructed in and knew about FMCSRs requiring him to exercise "extreme caution" in "hazardous conditions" but nevertheless continued to drive too fast for the rainy conditions, a reasonable jury could find that Worthy consciously disregarded his training in and knowledge of the FMCSRs and thus acted in a willful and wanton manner.

Accordingly, the Court will deny Worthy's motions to dismiss the willful and wanton negligence claims for punitive damages against him.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the complaints' factual allegations state plausible willful and wanton negligence claims for punitive damages against Worthy but fail to state plausible direct negligence claims against Western Express. Accordingly, the Court will grant Western Express's motions to dismiss the direct negligence claims against it without prejudice, but it will deny Worthy's motions to dismiss the willful and wanton negligence claims for punitive damages against him.

An appropriate Order will issue.

The Clerk of Court is directed to send this Memorandum Opinion to all counsel of record.

Entered this  6th  day of April, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE