**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| **JUDY M. PAUL,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WESTERN EXPRESS, INC., and** | ) | **Case No.: 6:20-cv-51** |
| **ERVIN JOSEPH WORTHY** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| **WESTERN EXPRESS, INC., and** | ) | |
| **ERVIN JOSEPH WORTHY,** | ) | |
| | ) | |
| *Third-Party Plaintiffs,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RANDALL EMERICK,** | ) | |
| **ANDRE G.H. LE DOUX V, and** | ) | |
| **FELIX ERICKSON COMPANY, INC.** | ) | |
| | ) | |
| *Third-Party Defendants.* | ) | |
| | ) | |
| **ANDRE G.H. LE DOUX V,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No.: 6:20-cv-52** |
| | ) | |
| *v.* | ) | |
| | ) | |
| **WESTERN EXPRESS, INC., and** | ) | |
| **ERVIN JOSEPH WORTHY,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS WESTERN EXPRESS, INC. AND ERVIN JOSEPH WORTHY'S
OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ACCIDENT
RECONSTRUCTION "OPINIONS" OF ROGER HIATT**

Defendants Western Express, Inc. ("Western Express") and Ervin Joseph Worthy ("Worthy"), by counsel, state as follows in support of their Opposition to Plaintiff's Motion *in Limine* to Exclude Accident Reconstruction "Opinions" of Roger Hiatt:

## ARGUMENT

### I.   Mr. Hiatt's Testimony is Admissible as Lay Opinion Witness Testimony Pursuant to Fed. R. Evid. 701.

Mr. Hiatt's testimony is admissible as lay opinion witness testimony. The Federal Rules of Evidence permit lay witness testimony in the form of "an opinion that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Because Mr. Hiatt's opinions are based upon his personal perception of the collision at issue, and not upon any scientific, technical, or specialized knowledge, his testimony is admissible lay witness testimony.

Plaintiff cites *United States v. Perkins*, 470 F.3d 150 (4th Cir. 2006), *Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200 (4th Cir. 2000), and *United States v. Johnson*, 617 F3d 286 (4th Cir. 2010) in support of the proposition that a lay witness is only permitted to offer opinions based on facts that the witness has actually perceived, and that the testimony must be rooted in the personal knowledge and perception of the lay witness. ECF No. 275, p. 6. Defendants agree. This is the undisputed standard for lay witness opinion testimony in the Fourth Circuit.

In this case, pursuant to this standard, Mr. Hiatt's opinion testimony is based on facts that he perceived on the date of the accident. *See* Depo. Trans. of Roger Hiatt, pp. 32-38 (attached as Exh. A) (detailing Mr. Hiatt's recollection of the collision); *see also* ECF 190-4 (Hiatt's Post-

Accident Memorandum and Exhibit 1 to his deposition) (same). Mr. Hiatt was there. He was driving behind Plaintiff Le Doux. Exh. A, p. 19; ECF No. 190-4, p. 1. He personally observed the sudden deceleration of Plaintiff's vehicle. Exh. A, pp. 32-34; ECF No. 190-4, p. 3. Mr. Hiatt's testimony is that "the small van [Le Doux] hit the small SUV in front of him [Paul] . . . [t]he small van slowed faster than I could with just braking." ECF No. 190-4, p. 3. He explains, "I was pushing the limit of what I could slow, and I was matching [Le Doux's] speed very well. Then all of a sudden he stopped at just a tremendous rate. . . And from that, I assume he had to have hit something because his brakes could not have stopped that fast . . ." Exh. A, p. 34.

Mr. Hiatt's testimony is a narrative of facts, based on his perception. Fed. R. Evid. 701. It is text-book lay opinion testimony. *See Sinkovich*, 232 F.3d at 203 (a lay witness is permitted "to offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived."). The fact that Mr. Hiatt did not see the actual collision between Le Doux's van and the small SUV in front of it is irrelevant; his testimony relates to his rational perception of the facts, as he was following immediately behind Le Doux.

Plaintiff attempts to incorrectly couch Mr. Hiatt's testimony as expert witness testimony. ECF No. 275, p. 7. A critical distinction between Rule 701 and Rule 702 testimony is that "an expert witness must possess some specialized knowledge or skill or education that is not in the possession of the jurors." *See Sinkovich*, 232 F.3d at 203 (internal citations omitted). Here, Mr. Hiatt is not opining on the basis of a specialized skill or education that is not in the possession of the jurors. *Id.* Rather, he is merely stating his narrative of the facts—which he observed first-hand. His observation and conclusion regarding the abrupt deceleration of Plaintiff's vehicle does not require any kind of scientific or technical skill or training that is not in the possession of the average juror. *Id.* This is simply Mr. Hiatt's opinion as a motorist. *See United States v. Sowards*, 690 F.3d

583, 603-04 (4th Cir. 2012) ("Courts routinely allow[] lay witnesses, with no training or experience, to offer opinion testimony of their estimate of speed provided they have had a sufficient opportunity to observe the moving vehicle."); *Sipes v. GMC*, 946 S.W.2d 143, 152 (6th Cir. 1997) ("Lay witnesses can testify about how [an] impact occurred."); *Shrader v. Commonwealth*, 343 S.E.2d 375, 378 (Ct. App. Va. 1986) (holding that an eyewitness's observation of the distance between two vehicles and his "mentally noted" lapse of time until the impact was not guesswork, but a "judgment made by an experienced driver who was familiar with the relation of time and distance."); *Pierson v. Frederickson*, 245 A.2d 524, 527 (N.J. Super. Ct. App. Div. 1968) ("It is clear that based on adequate visual observation an ordinary witness can state his conclusion of whether a car was moving fast or slow or give an estimate of its speed."); *State v. Clayton*, 158 S.E.2d 557, 561 (N.C. 1968) ("Absolute accuracy . . . is not required to make a witness competent to testify as to speed.").

Lastly, Plaintiff's assertion that Mr. Hiatt's testimony is "self-serving" or somehow less reliable because he was a defendant in this case is irrelevant. ECF No. 275, p. 9. Mr. Hiatt drafted his post-accident memorandum on either the evening of the collision or the following morning. *See* Exh. A, p. 21. This was long before any litigation arose and the facts were still fresh in his mind. Moreover, using this logic, Plaintiff's assertion that Kenny Murphy's testimony should be the only testimony relied upon at trial to assist the jury in determining the sequence of collisions in this matter fails for the same reason. ECF No. 275, p. 9. Mr. Murphy was a plaintiff in a separate lawsuit, who settled his claims. He was also a passenger and employee of Plaintiff Le Doux at the time of the collision. As such, his testimony—taken three years after the collision, in the midst of litigation—is biased and potentially flawed given the length of time between the collision and his

deposition. This fact does not mean he cannot testify. The same is true for Mr. Hiatt. The jury can hear Mr. Hiatt's and Mr. Murphy's testimony and decide who they believe.

## II.   Mr. Hiatt's Post-Accident Memorandum is Admissible as an Exception to the Rule Against Hearsay Pursuant to Fed. R. Evid. 803(5).

Mr. Hiatt's post-accident memorandum is not excluded by the rule against hearsay. Pursuant to Fed. R. Evid. 803(5), regardless of whether the declarant is available as a witness, a recorded recollection is admissible if it: "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(A). Because Mr. Hiatt's post-accident memorandum falls squarely within this exception to the rule against hearsay, it is admissible.

A hearsay exception for recorded recollection "has long been favored by the federal and practically all the state courts that have had occasion to decide the question." *United States v. Kelly*, 349 F.2d 720, 770 (2d Cir. 1965) (internal citations omitted) (applying the hearsay exception against a claimed denial of the right of confrontation); *see also United States v. Payne*, 492 F.2d 449, 452 (4th Cir. 1974) (same); *see also Chester v. Wise County Electoral Bd.*, No. 95-3092, 1997 U.S. App. LEXIS 17394, at *18 (4th Cir. July 11, 1997) (affirming the Western District of Virginia's application of Fed. R. Evid. 803(5) at trial). "The guarantee of trustworthiness [of a recorded recollection] is found in the reliability inherent in a record made while events were still fresh in mind and accurately reflecting them." Fed. R. Evid. 803(5) Advisory Committee Notes.

Broad discretion for district courts is clearly intended under Fed. R. Evid. 803(5), as the advisory committee notes indicate: "No attempt is made in the exception to spell out the method of establishing the initial knowledge or the contemporaneity and accuracy of the record, leaving them to be dealt with as the circumstances of the particular case might indicate." *See, e.g.*, *United*

*States v. Sollars*, 979 F.2d 1294, 1298 (8th Cir. 1992) (finding that a recorded statement qualified as a recorded recollection where the witness testified that she remembered making the statement, but not what she said, and that she made the statement "only two months after the [incident], when her memory was still fresh"); *United States v. Williams*, 571 F.2d 344, 348-50 (6th Cir.), cert. denied, 439 U.S. 841 (1978) (finding no abuse of discretion in admitting Fed. R. Evid. 803(5) statement of witness to agent regarding a conversation that took place six months earlier). Similarly, in *Ticey v. Peters*, the court concluded that a statement which was made by a victim about the identity of her attacker was reliable, in part, because it was made within hours of the incident. 8 F.3d 498, 503 (7th Cir. 1993) ("if a statement is proximate in time to the event, less opportunity for fabrication exists.").

In *Turbyfill v. International Harvester Co.*, the court ruled that a witness's statement about an accident that he observed, which he handwrote the afternoon of the incident while alone in a room "without prompting or pressure by his superiors," was admissible to prove the truth of the matter asserted, especially because such circumstances "[were] consistent with the policy underlying Rule 803(5)." 486 F. Supp. 232, 234 (E.D. Mich. 1980). The statement was offered as proof of a material fact, and was "more probative on the points for which it was offered than any other evidence which defendant could reasonably have obtained." *Id.* The court concluded that, under these circumstances, "it clearly served the interests of justice to admit the statement into evidence." *Id.*

In this case, Mr. Hiatt drafted his post-accident memorandum—detailing the collision he witnessed, including photographs that he took of each vehicle—on either the evening of the collision or the following morning. *See* Exh. A, p. 21. Like the witness in *Turbyfill*, Mr. Hiatt did so on his own accord without any prompting or influence from a third party. 486 F. Supp. at 234.

6

The reliability of Mr. Hiatt's statement is inherent, as he made this record immediately after witnessing the collision, "while events were still fresh in [his] mind." Fed. R. Evid. 803(5) Advisory Committee Notes. Notably, Mr. Hiatt reaffirmed the statements made in his post-accident memorandum throughout his videotaped deposition, which was taken years later in October 2021, without any objection to this testimony or the memorandum, which was marked as Exhibit 1 to the deposition. Exh. A, pp. 32-38.

Mr. Hiatt lives in Winston-Salem, North Carolina. Exh. A., p. 12. Accordingly, he is outside of the witness subpoena range in this case. For this reason, counsel videotaped his deposition to be played for the jury at trial. Indeed, the vast majority of Mr. Hiatt's testimony centers around his post-accident statement. Plaintiff's counsel were present at his deposition and had the opportunity to confront and cross-examine Mr. Hiatt regarding the memorandum. *See generally*, Exh. A. Plaintiff's counsel did not object to the memorandum's introduction into evidence or Mr. Hiatt's testimony about the memorandum. Exh. A, pp. 20-48. They also elected to ask Mr. Hiatt no questions. *Id.* at pp. 60-61. As such, Plaintiff waived his right to object to the memorandum or Mr. Hiatt's testimony about it.

Finally, the post-accident memorandum is admissible regardless of whether Mr. Hiatt testifies by video deposition or voluntarily appears at trial. *See* Fed. R. Evid. 803(5) (noting that the rule applies "regardless of whether the declarant is available as a witness."). Because Mr. Hiatt's post-accident memorandum falls within an exception to the rule against hearsay, and because Plaintiff had the opportunity to confront Mr. Hiatt regarding his memorandum, Mr. Hiatt's availably as a witness at trial is irrelevant. *See Kelly*, 349 F.2d at 770 (denying an objection and applying the hearsay exception against a claimed denial of the right of confrontation).

7

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's

Motion *in Limine* to Exclude Accident Reconstruction "Opinions" of Roger Hiatt.

Respectfully submitted,

**WESTERN EXPRESS, INC. and
ERVIN JOSEPH WORTHY**


By: */s/ Hailey A. Wilkes*
                 Counsel

Ashley W. Winsky (VSB No. 79224)
Jeffrey P. Miller (VSB No. 89410)
John P. Brown (VSB No. 90589)
Hailey A. Wilkes (VSB No. 95062)
GENTRY LOCKE
P. O. Box 780
Richmond, Virginia  23218
Telephone:  (804) 297-3704
winsky@gentrylocke.com
miller@gentrylocke.com
jpbrown@gentrylocke.com
hwilkes@gentrylocke.com

*Counsel for Western Express and Ervin Joseph Worthy*

## **CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the clerk of court for the United States District Court for the Western District of Virginia, on this 10th day of March 2023, using the CM/ECF system, which will send notification of such filing (NEF) to all CM/ECF registered attorneys on the NEF.

*/s/ Hailey A. Wilkes*
Ashley W. Winsky (VSB No. 79224)
Jeffrey P. Miller (VSB No. 89410)
John P. Brown (VSB No. 90589)
Hailey A. Wilkes (VSB No. 95062)
GENTRY LOCKE
P. O. Box 780
Richmond, Virginia  23218
Telephone:  (804) 297-3704
winsky@gentrylocke.com
miller@gentrylocke.com
jpbrown@gentrylocke.com
hwilkes@gentrylocke.com

*Counsel for Western Express and Ervin Joseph Worthy*