CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/30/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JUDY M. PAUL, *et al.*, | CASE NO. 6:20-cv-51 |
| *Plaintiffs*, | |
| v. | MEMORANDUM OPINION & ORDER |
| WESTERN EXPRESS, INC. *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

Defendants Western Express and Worthy have filed a motion in limine to preclude Plaintiff Le Doux's counsel from employing "Golden Rule" arguments, also referred to as "Reptile Theory" tactics, at trial. Dkts. 268, 269. The Supreme Court of Virginia has "repeatedly held that counsel may not, in closing argument, invoke the so-called 'Golden Rule.'" *Velocity Express Mid-Atl., Inc. v. Hugen*, 585 S.E.2d 557, 565 (Va. 2003). It has explained that "[t]he function of the jury is to decide according to the evidence, not according to how its members might wish to be treated." *Id.*; *see Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 199 (4th Cir. 1982).

Defendants claim that Plaintiff "wants the jury to become afraid of *all* tractor-trailers and project that fear onto Worthy and his behavior in this case." Dkt. 269 at 4, 6 (emphasis in original). They argue that "any references such as 'keeping our community safe,' 'we need to keep the roads safe from these commercial vehicles,' 'we need to send a message' or any other such generalizations about community safety necessarily implicates the Golden Rule because the jurors *are* part of that community." *Id.* at 7 (emphasis in original). Plaintiff opposes the motion as premature. Dkt. 292. Plaintiff's counsel claims that they "have no intention of offering any argument" that makes the jury "afraid of *all* tractor-trailers" and instead they plan to focus on

1

Worthy and his behavior. *Id.* at 2 (emphasis in original).

The Court has no reason to believe that Plaintiff's counsel will employ improper "Golden Rule" or "Reptile Theory" arguments, especially considering Plaintiff's opposition brief. *See id.* Defendants, in support of their motion, reference the questions that Plaintiff's counsel asked Worthy during his deposition about the Federal Motor Carrier Safety Regulations ("FMCSR") and the Commercial Driver's License manual. Dkt. 269 at 4–5. They also reference the questions that Plaintiff's counsel asked about the FMCSR to Clarence Easterday during his deposition. *Id.* at 5. However, the fact that Plaintiff's counsel asked about general safety standards during depositions does not support, or even give rise to a plausible inference, that Plaintiff's counsel will ask the jury how they wish to be treated while driving on Interstate 81 or argue that the jury should be afraid of all tractor-trailers.

As in other cases addressing similar motions, the Court "agrees that this motion is premature and presents vague challenges to [Plaintiff's] style of argument rather than to any evidence that [Plaintiff] intend[s] to introduce." *Dorman v. Anne Arundel Med. Ctr.*, No. 15-cv-1102, 2018 WL 2431859, at *6 (D. Md. May 30, 2018); *see also Jackson v. Asplundh Constr. Corp.*, No. 4:15-cv-714, 2016 WL 5941937, at *1 (E.D. Mo. Oct. 13, 2016).

For these reasons, Defendants' motion in limine to preclude "Golden Rule" or "Reptile Theory" arguments is **DENIED**, *without prejudice*. Dkt. 268.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to all counsel of record.

Entered this 30th day of March, 2023.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE