CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/10/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

ANDRE G.H. LE DOUX, V,

        *Plaintiff,*

v.

WESTERN EXPRESS, INC. *et al.*,

        *Defendants.*

CASE No. 6:20-cv-51

MEMORANDUM OPINION
& ORDER

JUDGE NORMAN K. MOON

During the April 5, 2023 Final Pretrial Conference, Plaintiff Le Doux raised several objections to Roger Hiatt's and Dr. Josh Mleczko's depositions.

Regarding Mr. Hiatt's deposition, Plaintiff argued that Defense counsel's questions quoting Mr. Hiatt's post-crash memorandum are inadmissible hearsay and should be excluded from the deposition. The Court finds that these objections were not timely and properly raised, as required by Fed. R. Civ. P. 32(d)(3). Rule 32(d)(3)(A) provides that "[a]n objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time." Rule 32(d)(3)(B) provides that "[a]n objection to an error or irregularity at an oral examination is waived if:"

> (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

> (ii) it is not timely made during the deposition.

1

Rule 32(d)(3)'s focus "is on the necessity of making objections at a point in the proceedings where they will be of some value in curing the alleged error in the deposition." *Harper v. Griggs*, No. 04-260, 2007 WL 486726, at *1 (W.D. Ky. Feb. 12, 2007); *see also Mod. Renovations, LLC v. Westcott*, No. 5:20-cv-44, 2021 WL 8531243, at *3 (W.D. Va. Dec. 14, 2021). "The rules distinguish objections to the manner of taking the deposition from objections as to the substance of the testimony (such as relevancy or competency) because allowing counsel to wait until trial to object might encourage sandbagging." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1160 (11th Cir. 2005).

Here, Plaintiff's hearsay objections directly relate to the way Defense counsel questioned Mr. Hiatt and the form of their questions; they thus could have been corrected during the deposition. *See, e.g.*, *Elyria-Lorain Broad. Co. v. Lorain J. Co.*, 298 F.2d 356, 360 (6th Cir. 1961) (noting that it seems "a party who has not objected to a leading question at the taking of a deposition may not subsequently object to it when the deposition is introduced at the trial" under Rule 32(c)(2)).[1] To cure these objections now, the Court would have to strike a large portion of

---

[1] The Court finds the Sixth Circuit's reasoning on Rule 32 particularly persuasive. It provided in relevant part:

> If the objection could have been obviated or removed if made at the time of the taking of the deposition, but was not made, then that objection is waived. The focus of the Rule is on the necessity of making the objection at a point in the proceedings where it will be of some value in curing the alleged error in the deposition. When a party waits until trial to object to testimony in the deposition, the only manner in which to cure the deposition is to bar the objectionable portions from the trial. It is important that objections be made during the process of taking the deposition, so that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial before making any objections, with the hope that the testimony, although relevant, would be excluded altogether because of the manner in which it was elicited.

*Bahamas Agr. Indus. Ltd. v. Riley Stoker Corp.*, 526 F.2d 1174, 1181 (6th Cir. 1975); *see also Kirschner v. Broadhead*, 671 F.2d 1034, 1037 (7th Cir. 1982) (finding the plaintiff could have easily objected to relevancy during the witness's deposition and "[h]ad he done so, appellants

Mr. Hiatt's deposition, which would significantly reduce the deposition's usefulness and helpfulness to the jury. Accordingly, any questions where Defense counsel quoted Mr. Hiatt's post-crash memorandum and Plaintiff's counsel did not object to during the deposition are admissible. Furthermore, the admissibility of this testimony is in the spirit of Fed. R. Evd. 804(b)(1) & 807.[2]

Plaintiff also argued that Dr. Mleczko's deposition is inadmissible because Defendants failed to disclose him as an expert witness. *See* Fed. R. Civ. P. 26(a)(2). His opinions regarding whether Le Doux followed his medical recommendations are lay opinions and thus are not subject to the requirements under Rule 26(a)(2). *See, e.g.*, Dkt. 172-6 at 3 (Dr. Mleczko, Le Doux's primary care physician, testifying that Le Doux has refused to have colon cancer screenings). Such opinions are rationally based on his perceptions of treating Le Doux as his primary care physician, could be helpful to determining the issue of damages, and are not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701; *see also United States v. Hoston*, 728 F. App'x 223, 224 (4th Cir. 2018).

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to all counsel of record.

Entered this 10th day of April, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

would have been prompted to elicit relevant testimony favorable to their positions" and thus could have cured the relevancy objections).

[2] This ruling pertains to Mr. Hiatt's deposition and does not determine whether Mr. Hiatt's post-crash memorandum is admissible. The Court has deferred ruling on the admissibility of his memorandum until trial.

3