CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/6/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ANDRE G.H. LE DOUX, V,<br><br>       *Plaintiff,*<br><br>v.<br><br>WESTERN EXPRESS, INC. *et al.*,<br><br>       *Defendants.* | CASE NOS. 6:20-cv-51, 6:20-cv-52<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

  Having prevailed following a jury trial, Defendants Western Express, Inc., and Ervin Worthy have filed a Bill of Costs, seeking $ 1,398.95 for fees for service of summons and subpoena, $11,727.66 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and $40.00 for fees for witnesses. Dkts. 92, 405. Plaintiff raises two objections to Defendants' Bill of Costs. Dkts. 93, 415. For the following reasonings, the Court will sustain in part and overrule in part Plaintiff's objections.

  Under Federal Rule of Civil Procedure 54(d), a prevailing party is presumptively entitled to costs "other than attorneys' fees," unless a federal statute, a federal rule, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). This rule "does not grant the district court unrestrained discretion to reimburse the winning litigant for every expense [they have] seen fit to incur," but it does give the court "wide latitude" to award costs enumerated in 28 U.S.C. § 1920. *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Va. 2011) (internal quotation marks omitted). Those costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts

necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920.[1]

First, Plaintiff argues Defendants should not be able to recover for fees paid to private process servers. Federal circuit courts are split on whether fees paid to "private process servers are recoverable under § 1920(1)." *Qayumi v. Duke Univ.*, 350 F. Supp. 3d 432, 435 (M.D.N.C. 2018) (citing *Schwarz & Schwarz of Va. v. Certain Underwriters at Lloyds*, No. 6:07-cv-42, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010) (collecting cases)). While the Fourth Circuit has not yet spoken on the issue, the recent trend in the Western District of Virginia is to deny such requests because federal courts cannot award costs "not enumerated in § 1920," and § 1920 does not reference fees for "private process severs."[2] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566

---

[1] The Court "has jurisdiction to review the clerk's taxation of costs even while an appeal on the merits is pending,' and while the decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court,' the 'presumption in favor of the taxation of costs means that a district court deciding not to award costs at the customary stage must provide a valid reason." *Cook v. Roanoke Elec. Steel Corp.*, No. 7:22-cv-40, 2023 WL 3899091, at *2 (W.D. Va. June 8, 2023) (internal quotation marks omitted) (cleaned up); *see also Corepex Techs., Inc. v. WH Administrators, Inc.*, No. 1:17-cv-26, 2017 WL 11501504, at *2 (E.D. Va. Oct. 2, 2017).

[2] Defendants claim that the Western District of Virginia has "equally relevant" authority supporting that private process server fees are an appropriate item of costs. Dkt. 97 at 2 (citing a series of Western of District cases). However, the cases cited by Defendants were issued before *Taniguchi*, 566 U.S. at 565. In that case, the U.S. Supreme Court reaffirmed its holding that § 1920 defines the term "costs" as used in Rule 54(d) and explained that taxable costs "are limited to relatively minor, incidental expenses" listed in § 1920. *Id.* at 565, 573; *see also Qayumi*, 350 F. Supp. 3d at 437 (explaining "*Taniguchi* specifically cautions that taxable costs are narrow in scope"). In light of *Taniguchi* and the recent trend in the Western District of Virginia, the Court will deny Defendants' request to recover for fees paid to private process servers.

U.S. 560, 565 (2012) (internal quotation marks omitted); *see, e.g.*, *Sines v. Kessler*, No. 3:17-cv-72, 2023 WL 2388050, at *17 (W.D. Va. Mar. 7, 2023); *McLaurin v. Liberty Univ.*, No. 6:21-cv-38, 2022 WL 16953656, at *3 (W.D. Va. Nov. 15, 2022); *Webb v. Kroger Ltd. P'ship I*, No. 7:16-cv-00036, 2017 WL 2651721, at *1 (W.D. Va. June 19, 2017); *Scates v. Shenandoah Mem'l Hosp.*, No. 5:15-cv-32, 2016 WL 6879269, at *1 (W.D. Va. Nov. 21, 2016). The Court will continue to follow this trend. Thus, the amount of $1,398.95 paid to private process servers will be reduced from Defendants' Bill of Costs.

Second, Plaintiff objects to the costs of the video depositions of Plaintiff, Defendant Worthy, and Kenneth Murphy, claiming that Defendants failed to demonstrate why both deposition transcripts and video depositions were necessary. Section 1920 permits the taxing as costs of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," including costs of video depositions. 28 U.S.C. § 1920(2); *Cherry*, 186 F.3d at 448. However, prevailing parties may only recover the costs for *both* transcribing and videotaping if they "demonstrate[] that both costs were 'necessarily obtained for use in the case.'" *Cherry*, 186 F.3d at 449 (quoting 28 U.S.C. § 1920(2)). The term necessity for use "connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Id.*

Defendants contend that the costs for video depositions were necessary because many of the fact witnesses lived more than 100 miles from the federal courthouse in Lynchburg, Virginia and thus were outside the Court's subpoena power. Dkt. 97 at 4 (citing Fed. R. Civ. P. 45(C)). They also claim that "Plaintiff's own use of numerous videotaped depositions at trial serves as a tacit admission that it was necessary to collect this evidence." *Id.* at 4. And they assert use of Plaintiff's deposition was necessary "because, as recently as within one week of the trial,

Plaintiff refused to confirm whether he planned to appear and testify." *Id.*

Defendants have demonstrated that the costs for *both* transcribing and videotaping the depositions of Plaintiff, Defendant Worthy, and Murphy were necessarily obtained for use in the case. The Court specifically notes that this was a fact-intensive case in which assessing witness credibility was a critical issue for the jury. Thus, preserving and presenting certain video depositions for trial was necessary. *See RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc.*, No. 09-1668, 2016 WL 1377405, at *3 (D. Md. Apr. 7, 2016) (noting "district courts have found that the use of videotaped depositions to preserve the testimony of witnesses is 'necessary' in accordance with Section 1920(2)"). Therefore, the Court will allow costs for the video depositions of Plaintiff, Defendant Worthy, and Murphy to be taxed.

For the foregoing reasons, Plaintiff's objections, Dkts. 93, 415, are **SUSTAINED in part and OVERRULED in part**. It is hereby **ORDERED** that Defendants' Bill of Costs is reduced by $1,398.95 and that Defendants are **AWARDED** costs in the amount of $11,767.66.

The Clerk of Court is directed to send this Memorandum Opinion and Order to all counsel of record.

Entered this 6th day of July, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE